# EXHIBIT A
# (CORRECTED)

## DEFENDANTS' MOTION FOR ENTRY OF A PROTECTIVE ORDER [ECF NO. 51]

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN M. FAUST, PH.D., <br><br> Plaintiff, <br><br> v. <br><br> THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA and JAMES WILSON, PH.D, <br> Defendants. | **Civil Case No. 2:24-cv-00406-JFM** <br><br> **JURY TRIAL DEMANDED** |

## CORRECTED [PROPOSED] PROTECTIVE ORDER

Before the Court is Defendants' Motion for the Entry of a Protective Order made under Rule 26(c) of the Federal Rules of Civil Procedure.

The Court recognizes that documents and information that may be exchanged in discovery and sought from third parties in this action may include trade secret or other confidential research, development, or commercial information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. The Court finds that a protective order concerning such information is necessary to protect the confidentiality and integrity of the information, to protect privacy interests, and to prevent harm, including but not limited to financial and competitive harm, to the producing person or any person who is the subject of the information disclosed. It is therefore hereby ORDERED that:

**I. Definitions**

The following definitions shall apply to this Order:

a. The term "discovery material" means information of any kind provided in the course of discovery in this action, including but not limited to paper or electronic documents or portions of documents, graphic material, recordings, data, testimony, statements, transcripts of testimony or statements, or compilations or summaries derived therefrom, however produced or reproduced.

b. The term "Confidential Information" means any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, (b) that contains private or confidential personal information, (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

c. The term "party" means all named parties in the above-captioned matter, including any party added or joined in this action.

d. The term "third party" means any individual, corporation, other natural person or entity, or any federal, state or local government agency that is not a "party."

e. The term "producing person" means any natural person, business organization or other entity producing documents in this action, or other information, such as testimony, including any party or any third party.

f. The term "receiving party" means the party that received Confidential Information from a producing person in this action.

g. The term "properly designated" means conspicuously stamped or watermarked on the face of each page of the document in a manner that does not obscure any of the document's content.

**II.     Provisions**

The following provisions shall apply in this action:

1. Each person that produces or discloses Confidential Information in the course of discovery in this action may designate the information "Confidential." Any person subject to this Order that receives from any other person information that is so designated shall not disclose such information to anyone else except as otherwise expressly permitted pursuant to this Order.

2. Any party that receives Confidential Information in the course of discovery from any other party or third party may designate the information as "Confidential" by marking it as set out in Paragraph II.1 above.

3. Any person subject to this Order who receives from any other person information that is designated "Confidential" shall not disclose such information to anyone other than the persons listed in Paragraph II.8 of this Order.

4. Any producing person may designate discovery material as "Confidential" by stamping or otherwise marking the designated portion of the materials "Confidential," as appropriate, in a manner that will not interfere with its content and consistent with Paragraph II.1 above.

5. If at any time before the trial of this action a producing person realizes that some portion(s) of discovery material that the person previously produced should be designated as "Confidential," that person may designate the material as such by notifying the parties in writing. A party who disseminates or distributes discovery material prior to it being designated "Confidential" will not be in breach of this Order. However, the disseminating or distributing party shall identify all persons, entities, or third parties the discovery material was shared with and take reasonable steps to ensure those persons, entities, and third parties return or destroy all

originals or copies of such discovery materials unless allowed to receive such materials under this Order.

6. Any party may object to the designation of discovery material as "Confidential" by serving written notice within 10 calendar days of the receipt of such information of each designation it is challenging and a short and plain statement describing the basis for each challenge on the producing person and all other parties to this action. The party objecting to the designation and the producing person shall confer in good faith and attempt to resolve the disagreement. If the objecting party and the producing person are unable to resolve the disagreement within 10 calendar days after such notice is given, the objecting party may move the Court for an order with respect to the proposed designation. The producing person will then have the burden of demonstrating the designation is appropriate. The parties shall treat the disputed materials as "Confidential" while the dispute is pending before the Court.

7. Any party receiving discovery material designated "Confidential" may not use the information contained in such material, directly or indirectly, for any purpose except in the above-captioned action.

8. No person subject to this Order, other than the producing person, shall give, show, disclose, make available, or communicate any portion of discovery material designated as "Confidential" to any other person, other than:

    a. the parties to this action and, in the case of The Trustees of the University of Pennsylvania, any of their principals, executives or other employees who are participating in this action;

    b. counsel retained to represent the parties to this action, including any law clerk, paralegal, case assistant, information technology, litigation support person, or

4

administrative support person employed or retained by counsel to perform work with respect to this action;

      c.      the author, addressee, or any other person indicated on the face of any document or recording as having received a copy;

      d.      any person retained by a party to serve as an expert witness or consultant in connection with this action, provided that such person has reviewed this Order and signed the Acknowledgement & Agreement attached as Exhibit A, and the party identifies such expert witness or consultant to all other parties' counsel by e-mail no later than seven (7) business days before disclosing such materials to such persons and no objection has been made by the other party. Such identification shall include: (1) the expert witness or consultant's full name and address; (2) the expert witness or consultant's current employer(s) and title(s); (3) the expert witness or consultant's curriculum vitae; (4) a listing of cases (by name and number of the case, filing date, and location of the court) in which the expert witness or consultant has provided expert testimony over the last four years, including expert testimony provided via a declaration, report, or testimony at deposition or trial; and (5) an identification of all companies with which the expert witness or consultant has consulted or been employed by, from whom the expert witness or consultant has received any compensation or funding for work in his or her areas of expertise, or to whom the expert witness or consultant has provided professional services within the last four years, including the applicable years and a brief description of the work performed.  A party may object to the disclosure of Confidential Information to a proposed expert witness or consultant within seven (7) business days of the identification. Any objection must set forth the ground(s) of the objection with particularity.  In the event that a dispute arises regarding disclosure to an expert witness or consultant, the parties agree to meet

5

and confer regarding such objection and/or request. If the parties are unable to resolve such dispute, the party who objects to the disclosure to the expert witness or consultant shall seek appropriate relief from the Court within seven (7) business days after reaching an impasse. Pending resolution of the dispute, no disclosure shall be made to the expert witness or consultant. If no application is made by the objecting party within seven (7) business days after reaching an impasse, then disclosure may be made to the expert witness or consultant.

      e.    persons who are retained to provide purely administrative assistance to any party or its counsel for the purposes of this action, including litigation support services and outside copying services, provided such person has reviewed this and signed the Acknowledgement & Agreement attached as Exhibit A;

      f.    stenographers engaged to transcribe depositions conducted in this action;

      g.    the Court and its support personnel; and

      h.    any other person authorized to receive the disclosure by written stipulation of the producing person or by order of this Court.

9.    No discovery material designated "Confidential" may be disclosed to any person pursuant to Paragraph II.8 of this Order unless counsel first informs such person that, pursuant to this Order, the material to be disclosed may only be used for purposes of this action and must be kept confidential, and obtains any signed forms required under subparagraphs II.8(d) or 8(e). Counsel shall retain all signed Acknowledgement & Agreements pursuant to this paragraph and produce them to opposing counsel upon request.

10.    With respect to deposition transcripts and exhibits, a party or producing person may indicate on the record that a question calls for Confidential Information and designate the question and any related testimony and exhibits as "Confidential."  The stenographer shall mark the

transcript "Confidential," and the terms and conditions of this Order shall apply to such materials. All deposition transcripts shall be treated as "Confidential" until 30 days after all parties receive copies of them. A failure to designate deposition testimony or exhibits as "Confidential" on the record shall not constitute a waiver of the protections for Confidential Information imposed by this Order if a party or producing person designates the testimony or exhibits as "Confidential" by written notice to the parties within the 30-day period. Any party or producing person may designate deposition transcripts or exhibits as "Confidential" at any time by notifying the parties in writing, but any disclosure of such materials after the 30-day period and before the designation is made shall not constitute a violation of this Order.

11. If any receiving party wishes to use Confidential Information designated by a producing person in any affidavits, briefs, memoranda, summaries, exhibits, motions or other papers filed in this action, the receiving party shall take the following steps to safeguard the confidentiality of the information.

    a. At least seven (7) business days before having a good faith intent to use the Confidential Information in any affidavits, briefs, memoranda, summaries, exhibits, motions or other papers filed in this action, the receiving party shall notify the producing person of the receiving party's good faith intent, the date that the receiving party intends to file, and the receiving party shall identify the specific Confidential Information (by, for example, bates number or by transcript page) the receiving party intends to file.

    b. The producing person shall respond to the receiving party within four (4) business days of receiving the notification in II.11.a.

        i. The producing person may respond by de-designating the Confidential Information or offering proposed redactions that can be filed on the public docket.

      ii. If, however, the producing person maintains the Confidential designation(s), or the receiving party does not accept the proposed redactions in II.11.b.i, the producing person shall provide to the receiving party a written articulation as to why the material should be filed under seal consistent with applicable precedent. The receiving party shall then follow the Court's procedures to file under seal using the written articulation provided by the producing person as the justification for the motion.

      iii. Within twenty-eight (28) days of the filing under seal (or as otherwise ordered or required by the Court's procedures), the producing person shall provide thoughtfully and narrowly redacted public versions of the same documents filed under seal to the receiving party so that the receiving party may file those redacted versions consistent with the Court's procedures.

    c. The parties agree to meet-and-confer and work cooperatively to limit the burden of the receiving party to file documents under seal and to avoid any situation where the receiving party is prevented from presenting evidence to the Court due to the procedures in this Order.

  12. The procedures for using Confidential Information during any hearing or trial shall be determined by the Court in advance of the hearing or trial. A receiving party that desires to use Confidential Information during any hearing or trial shall notify the producing person and the Court well ahead of using it so the Court may determine the procedures. In the event that an advance determination is not possible because the need for such information during the hearing or trial is unanticipated, the receiving party seeking to introduce the information shall raise the confidentiality issue prior to introducing it by requesting a sidebar or other appropriate mechanism.

13.     Within sixty days after the final resolution of this litigation, including any appeals, all copies of discovery materials designated as containing Confidential Information, and any notes, memoranda or summaries created therefrom, shall be returned to the producing person or irreversibly destroyed, except that Counsel of record may keep a copy of the case file. Counsel of record shall provide written certification of compliance with the provisions of this paragraph upon the request of any producing person. Notwithstanding the provisions of this paragraph, the parties, their counsel, and others authorized to receive discovery materials protected under this Order shall not be required to delete electronic information that may reside in electronic archives or disaster recovery systems, but they shall not access such materials from those systems after the conclusion of the sixty-day period.

14.     Each person who has access to discovery materials that have been designated as "Confidential" shall take precautions to prevent unauthorized access to, or inadvertent disclosure of, such materials. Such precautions shall include administrative, physical and technical safeguards and must include, at a minimum, the following components:

   a.   Electronically-stored Confidential Information shall be password-protected and stored in an encrypted manner.

   b.   Confidential Information, whether electronic or hard copy, shall be stored in a secured and locked area.

   c.   Parties will maintain a written information security program that is designed to protect Confidential Information from unauthorized access. To the extent a person or party does not have an information security program, they may comply with this provision by having the Confidential Information managed by and/or stored with e-discovery vendors or claims administrators who maintain such an information security program.

  d. Access to Confidential Information shall be limited to those personnel with a genuine need related to this action for access to the Confidential Information.

  e. No person, nor any member of the person's workforce, shall place Confidential Information on computers or portable computing/storage devices which are not owned by the person.

  f. Confidential Information must be irreversibly deleted from any electronic device or electronic media prior to making such electronic device or electronic media available for reuse.

15. A party must notify the producing person and all other parties of any actual or suspected confidentiality breach or use or disclosure of Confidential Information that violates this Protective Order ("Potential Breach") within five (5) days after such Potential Breach is discovered. The party must make immediate reasonable efforts to remedy any Potential Breach. The notification must include, to the extent available at the time of the notification, a description of the Potential Breach, the nature of any Confidential Information disclosed, and a description of any remedial actions taken by the notifying party. If notifications are required to be made by the receiving party pursuant to the terms of this Order, the receiving party shall make such notifications in the time and manner specified by the applicable law. If the producing person is a party, the receiving party shall obtain the producing person's prior approval of the contents of such notifications before they are provided. The receiving party shall maintain complete records regarding the Potential Breach for six years from the date of the records' creation or when the records were last in effect, whichever is later, or any longer period of time required by state law and shall make such records available to producing person promptly upon request, but in no event later than within forty-eight (48) hours. The receiving party shall be responsible for all costs

10

incurred in connection with any Potential Breach, including but not limited to, any notifications, mitigation activities, or other activities reasonably necessary to remedy the Potential Breach.

16. If at any time a person bound by this Order receives a subpoena, civil investigative demand, or other process from a third party seeking or requiring disclosure of information designated as "Confidential" under the terms of this Order, such person shall notify the producing person and all other parties promptly so that the producing person and any other interested party may object to the disclosure or seek other appropriate relief.

17. Nothing in this Order is intended to limit any privileges or protections that otherwise may apply to any discovery materials designated as "Confidential," or to waive any other objection a party may have to producing materials sought in discovery. This Order does not compel the production of any document or information a party may seek in discovery. Should a party require additional protective measures for any discovery materials beyond those contemplated within this Order, that party may move for a protective order from the Court.

18. Nothing in this Order shall limit the United States' ability to receive all pleadings, motions and, upon request, deposition transcripts and exhibits, pursuant to 31 U.S.C. § 3730(c)(3). Disclosure of such materials to the United States shall not be deemed a breach of this Order.

19. The provisions of this Order shall not apply to any information that: (a) is already public knowledge or in the public domain at the time of the disclosure; or (b) becomes public knowledge or enters the public domain absent a violation of this Order.

20. The provisions of this Order shall survive the conclusion of this action. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any of its provisions or requirements.

21. This Order may be amended by agreement of the parties or for good cause shown.

22.     This Court retains the right to allow disclosure of any subject covered by this Order or to modify this Order at any time in the interest of justice.

        **SO ORDERED**:

        _____
        THE HONORABLE JOHN F. MURPHY
        UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN M. FAUST, PH.D., <br><br> Plaintiff, <br><br> v. <br><br> THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA and JAMES WILSON, PH.D, <br><br> Defendants. | Civil Case No. 2:24-cv-00406-JFM <br><br><br> **JURY TRIAL DEMANDED** |

## ACKNOWLEDGMENT & AGREEMENT

By signing this document, the person signing acknowledges and agrees that he or she has reviewed and agrees to be bound by the Protective Order in this above-referenced matter, including the person's agreement that all materials properly marked as "Confidential" will be kept strictly confidential and shared with no one except as provided in the Protective Order.

It is agreed that all materials properly marked as "Confidential" will be stored in a manner that ensures no other person is able to access the information. Any reports, compilation, summaries or notes made or generated based on materials marked as "Confidential" will be subject to the same confidentiality and non-disclosure obligations as the information itself, including those obligations contained in the Protective Order.

It is agreed that any breach of this agreement will be reported immediately to the attorney from whom such materials were received and take immediate steps to remedy such breach.

It is agreed that information marked as "Confidential" will be used for no other purpose outside providing services in the above styled legal matter and only in a manner consistent with the terms of the Protective Order; and that all such information marked "Confidential" information will be returned to the producing person or alternatively, deleted or destroyed within 60 days of the conclusion of the above referenced case.

Agreed on: Date _____

_____   _____
Print Name                                                                       Signature