**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

SUSAN M. FAUST, PH.D.,

              Plaintiff,

      v.

THE TRUSTEES OF THE UNIVERSITY
OF PENNSYLVANIA and JAMES
WILSON, PH.D,

            Defendants.

**Civil Case No. 2:24-cv-00406-JFM**

**JURY TRIAL DEMANDED**

## [PROPOSED] PROTECTIVE ORDER

The Court recognizes that documents and information that may be exchanged in discovery and sought from third parties in this action may include trade secret or other confidential research, development, or commercial information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. The Court finds that a protective order concerning such information is necessary to protect the confidentiality and integrity of the information, to protect privacy interests, and to prevent harm, including but not limited to financial and competitive harm, to the producing person or any person who is the subject of the information disclosed. It is therefore hereby ORDERED that:

### I. Definitions

The following definitions shall apply to this Order:

a. The term "discovery material" means information of any kind provided in the course of discovery in this action, including but not limited to paper or electronic documents or portions of documents, graphic material, recordings, data, testimony, statements, transcripts of

1

testimony or statements, or compilations or summaries derived therefrom, however produced or reproduced.

  b.  ==The term "Confidential Information" means==

[**Defendants' Proposal**:[1] any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, (b) that contains private or confidential personal information, (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.]

[**Plaintiff's Proposal**:[2] information produced in discovery: (a) that is non-public, proprietary, commercially sensitive information, the disclosure of which is substantially likely to cause injury

---

[1] **Defendants' Position**: Defendants' proposed definition of "Confidential Information" is reasonable and derived from protective orders approved by this Court. *See Dominik Wallace v. Amercareroyal, LLC*, No. 2:24-cv-02054, Dkt. 11 (E.D. Pa. Aug. 22, 2024); *Ronald Andrews v. Unidine Lifestyles, LLC*, No. 2:24-cv-02615, Dkt. 16 (E.D. Pa. Oct. 15, 2024). Plaintiff's proposal is unreasonable. Plaintiff's proposed requirement that the producing party show that disclosure would be substantially likely to cause injury to the producing party is unworkable because under this definition, the Trustees of the University of Pennsylvania (the "University") cannot protect information that is obligated by agreement or otherwise kept confidential with third parties. Further, it would be unduly burdensome to undertake an investigation into the likelihood of injury before producing documents. Defendants also object to Plaintiff's proposal to create a confidential designation log with an explanation for why the information's disclosure would inflict a clearly defined and serious injury to the moving party. Given the large amount of discovery in this matter (the bulk of which will come from the University), Plaintiff's proposal is unnecessary, unduly burdensome, and would significantly increase the cost and time associated with discovery in this case with little to no benefit.

[2] **Plaintiff's Position**: Defendants' proposed definition of "Confidential Information" is unreasonable. Subsection (a) is subjective and provides no objective standard to gauge what is meant by "competitively sensitive" information. Subsection (b) is overly broad because nearly all personal information is "private or confidential." Subsection (c) is overly broad as all information exchanged with third parties is done "in confidence." Defendants have confirmed the over-breadth of this definition, stating that they intend to designate as confidential, not only Defendants' agreements with third-parties, but also "the communications related to the [third-party] agreements

to the Producing Party or (b) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.]

      c.      The term "party" means all named parties in the above-captioned matter, including any party added or joined in this action.

      d.      The term "third party" means any individual, corporation, other natural person or entity, or any federal, state or local government agency that is not a "party."

      e.      The term "producing person" means any natural person, business organization or other entity producing documents in this action, or other information, such as testimony, including any party or any third party.

      f.      The term "receiving party" means the party that received Confidential Information from a producing person in this action.

      g.      The term "properly designated" means conspicuously stamped or watermarked on the face of each page of the document in a manner that does not obscure any of the document's content, [**Plaintiff's Proposal**:[3]   along with the specific Confidential Information designated

---

and the agreements themselves." Motion at Ex. K, p. 3. This will result in confidential status for a significant portion of the most-relevant discovery, thereby significantly complicating and unnecessarily increasing the cost of litigation. And, that Defendants' agreements with third parties contain confidentiality provisions do not justify confidential treatment of the entire agreement and any related documents or communications. Further, Defendants' proposed definition is also unworkable as they demand that confidential information (and summaries thereof) be filed under seal but refuse to agree to a definition of confidential information that satisfies the Court's sealing standard.

[3] **Plaintiff's Position**: Plaintiff's proposal allows Defendants to designate as confidential the specific confidential information in a document, as opposed to the entire document itself. To the extent that the "confidential information" is not relevant to Plaintiff's claims or Defendants' defenses, designating only the confidential information in a document will allow the parties to simply redact such text in filings with the Court, in addition to alleviating Defendants' concerns about disclosure to potential witnesses or experts. Having to deal with all the requirements that Defendants seek in this protective order, with entire documents designated as confidential, will increase litigation costs and unnecessarily prejudice Plaintiff's ability to pursue her claims.

without obstructing any of the document's content.] [**Defendants' Proposal**:[4] This phrase should not be included.]

## II.    Provisions

The following provisions shall apply in this action:

1.      Each person that produces or discloses Confidential Information in the course of discovery in this action may designate the information "Confidential."  Any person subject to this Order that receives from any other person information that is so designated shall not disclose such information to anyone else except as otherwise expressly permitted pursuant to this Order.

2.      This Confidentiality Agreement shall not apply to information that is or becomes part of the public domain, or which is already known by the Receiving Party through proper means, or which becomes available to a Party from sources other than the Parties through the discovery process.

3.      Any person subject to this Order who receives from any other person information that is designated "Confidential" shall not disclose such information to anyone other than the persons listed in Paragraph II.9 of this Order.

4.      [Designating material as Confidential]

[**Defendants' Proposal**:[5] Any producing person may designate discovery material as "Confidential" by stamping or otherwise marking the designated portion of the materials

---

[4] **Defendants' Position**: When a document is marked as Confidential, the producing party need not identify what information within the document is Confidential.  Plaintiff's request creates significant additional work to provide word-by-word designations.  That is inefficient because discovery is broad, but the vast majority of documents produced will not be used substantively in this matter.  Plaintiff's provision will unnecessarily drive up costs for both parties with little benefit.

[5] **Defendants' Position**: As stated above, Plaintiff's proposed provisions create inefficiencies and are unduly burdensome. Given the large amount of discovery in this matter (the bulk of which will

"Confidential," as appropriate, in a manner that will not interfere with its content and consistent with Paragraph II.1 above.]

[**Plaintiff's Proposal**:[6] Any producing person may designate the Confidential Information contained within discovery material as "Confidential" by stamping or otherwise marking the designated portion of the materials "Confidential," as appropriate, in a manner that will not interfere with its content and consistent with Paragraph II.1 above, and identifying the specific Confidential Information within the discovery material. A producing party is only permitted to designate the specific Confidential Information within a document as "Confidential," and is not permitted to designate an entire document as "Confidential" simply because portions of the document contain Confidential Information. For example, if one party produces a 100-page agreement and only a portion of the agreement contains Confidential Information, then the producing party may only designate the portion of the agreement containing Confidential Information. A party has no obligation to treat any document designated as "Confidential" in its entirety as Confidential hereunder, unless the parties meet and confer and agree that the entire document warrants Confidential treatment hereunder.

---

come from the University), Plaintiff's proposal that the party requesting confidential treatment mark what information in the document is confidential is unnecessary, unduly burdensome, and would significantly increase the cost and time associated with discovery in this case with little to no benefit. Plaintiff's additional requirement that either the parties meet and confer over every document designated as Confidential or the document loses its status as Confidential is unreasonable and unduly burdensome.

[6] **Plaintiff's Position**: As stated above, Plaintiff's proposal creates efficiencies because, by designating the specific information as confidential rather than the entire document, the parties will not be required to follow the confidentiality procedures for non-confidential information contained within a document that also contains confidential information.

5.      [**Plaintiff's Proposal**:[7] Mass, indiscriminate, or routinized designations are prohibited. Designations based upon Confidentiality Agreements with third parties that do not contain confidential information, as defined by paragraph I.(b) above, shall not be marked confidential under this Discovery Confidentiality Agreement without an independent good faith basis for the designation.   If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.]   [**Defendants' Proposal**:[8] This paragraph should not be included.]

6.      If at any time before the trial of this action a producing person realizes that some portion(s) of discovery material that the person previously produced should be designated as "Confidential," that person may designate the material as such by notifying the parties in writing. A party who disseminates or distributes discovery material prior to it being designated "Confidential" will not be in breach of this Order.  However, the disseminating or distributing party will notify all persons, entities, or third parties that the newly-designated discovery material was shared with and request that those persons, entities, and third parties destroy all originals or copies of such discovery material unless allowed to receive such materials under this Order.

7.      Any party may object to the designation of discovery material as "Confidential" by serving written notice of each designation it is challenging and a short and plain statement describing the basis for each challenge on the producing person and all other parties to this action. The party objecting to the designation and the producing person shall confer in good faith within

---

[7] **Plaintiff's Position**: This provision merely memorializes that mass designations are inappropriate and incorrect designations should fixed. This should not be controversial.

[8] **Defendants' Position:** This paragraph is unnecessary.  Creating a duty to change designations that are not challenged results in unnecessary expense and is unduly burdensome.

seven days of the written notice and attempt to resolve the disagreement. If the objecting party and the producing person are unable to resolve the disagreement within seven calendar days after such notice is given, the objecting party may move the Court for an order with respect to the proposed designation. The producing person will then have the burden of demonstrating the designation is appropriate. The parties shall treat the disputed materials as "Confidential" while the dispute is pending before the Court.

8.      Any party receiving discovery material designated "Confidential" may not use the information contained in such material, directly or indirectly, for any purpose except in the above-captioned action.

9.      No person subject to this Order, other than the producing person, shall give, show, disclose, make available, or communicate any portion of discovery material designated as "Confidential" to any other person, other than:

    a.      the parties to this action and, in the case of The Trustees of the University of Pennsylvania, any of their principals, executives or other employees who are participating in this action;

    b.      counsel retained to represent the parties to this action, including the partners, associates, paralegals, law clerk secretaries, clerical, regular and temporary employees, case assistant, information technology, litigation support person, or administrative support and vendors retained by or for the parties (including court reporters, members of a document review team, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, clerical employees whose duties and

responsibilities require access to such materials, electronic discovery vendors and outside copying and litigation support services) who are assisting with the Action;

      c.     the author, addressee, or any other person indicated on the face of a document or accompanying cover letter, email, or other communication to be the author, addressee, or an actual recipient of the document, including as a blind copied recipient, or any person indicated as the custodian of the document/communication in corresponding metadata or as confirmed by the Producing Party, or, in the case of meeting minutes or presentations, an attendee of the meeting;

      d.     [Procedures for disclosing Confidential Information to Experts or Consultants]

[**Defendants' Proposal**:[9] any person retained by a party to serve as an expert witness or consultant in connection with this action, provided that such person has reviewed this Order and signed the Acknowledgement & Agreement attached as Exhibit A, and the party identifies such expert witness or consultant to all other parties' counsel by e-mail no later than seven (7) business days before disclosing such materials to such persons and no objection has been made by the other party. Such identification shall include: (1) the expert witness or consultant's full name and address; (2) the expert witness or consultant's current employer(s) and title(s); (3) the expert witness or consultant's curriculum vitae; (4) a listing of cases (by name and number

---

[9] **Defendants' Position**:  The purpose of this requirement is to prevent either party from sharing Confidential Information with someone who may have a business conflict (e.g., work full time at a competitor of the University's business partners that would gain a commercial advantage from learning what technology the business partners have licensed from the University and under what financial terms) or may not have a legitimate need to see the Confidential Information.  Plaintiff's counsel objects to this proposal on the grounds that it would require Plaintiff to receive permission from Defendants to retain experts or consultants as witnesses.  This is not the purpose, and Defendants will not unreasonably withhold consent.

of the case, filing date, and location of the court) in which the expert witness or consultant has provided expert testimony over the last four years, including expert testimony provided via a declaration, report, or testimony at deposition or trial; and (5) an identification of all companies with which the expert witness or consultant has consulted or been employed by, from whom the expert witness or consultant has received any compensation or funding for work in his or her areas of expertise, or to whom the expert witness or consultant has provided professional services within the last four years, including the applicable years and a brief description of the work performed.   A party may object to the disclosure of Confidential Information to a proposed expert witness or consultant within seven (7) business days of the identification. Any objection must set forth the ground(s) of the objection with particularity.   In the event that a dispute arises regarding disclosure to an expert witness or consultant, the parties agree to meet and confer regarding such objection and/or request. If the parties are unable to resolve such dispute, the party who objects to the disclosure to the expert witness or consultant shall seek appropriate relief from the Court within seven (7) business days after reaching an impasse. Pending resolution of the dispute, no disclosure shall be made to the expert witness or consultant. If no application is made by the objecting party within seven (7) business days after reaching an impasse, then disclosure may be made to the expert witness or consultant.]

[**Plaintiff's Proposal**:[10] any person retained by a party to serve as an expert or consultant in connection with this action, and the partners, associates, paralegals, secretaries, clerical,

---

[10] **Plaintiff's Position**: Defendants' proposal is unreasonable. First, Plaintiff is not required to request Defendants' permission to show a retained consultant or expert confidential information. Second, notifying Defendants of the identity of a retained consultant or expert would give away Plaintiff's litigation strategy, prejudicing her ability to prosecute her claims. Third, the requirements to "identify" an expert or consultant and conduct a meet-and-confer are unduly burdensome and will increase the cost of litigation. Fourth, Defendants have no authority to determine which consultants or experts "may not have a legitimate need to see the Confidential

regular and temporary employees, and service vendors of such experts or consultants directly involved in the prosecution or defense of this Action provided that such person has reviewed this Confidentiality Agreement and signed the Acknowledgement & Agreement attached as Exhibit A;

e. persons who are retained to provide purely administrative assistance to any party or its counsel for the purposes of this action, including litigation support services and outside copying services, provided such person has reviewed this and signed the Acknowledgement & Agreement attached as Exhibit A;

f.    stenographers engaged to transcribe depositions conducted in this action;

g.    the Court and its support personnel, including court reporters, court videographers, and their staff;

h.    any other person authorized to receive the disclosure by written stipulation of, or statement on the record by, the producing person or by order of this Court.

i.    [Disclosure of Confidential Information to employees/former employees]

[**Plaintiff's Proposal**:[11]    Any deponent may be shown or examined on any Confidential Information designated as Confidential if it appears that the witness authored or received a copy

---

Information." Lastly, Defendants have not even articulated what information might be produced which could result in a "business conflict," further rendering this provision unnecessary.

[11] **Plaintiff's Position**: Defendants' objection to this provision is unfounded and only seeks to limit Plaintiff's ability to litigate this case. Plaintiff has no reason to request a former/current employee sign the attached confidentiality agreement and then show them confidential information for "no reason," as this information would only be shared if there was good faith basis to believe that the employee can provide some insight or relevant information related to the confidential information. Further, current and former employees could have discoverable information related to confidential information, even if they did not author or receive a copy during their employment.

of it, was involved in the subject matter described therein, or is employed or was previously employed by the Party who produced the information, document or thing.]

[**Defendants' Proposal**:[12] Defendants object to the inclusion of this sentence.]

> j.    [Disclosure of Confidential Information to witnesses/potential witnesses]

[**Plaintiff's Proposal**:[13] Any witnesses or potential witnesses, and attorneys for witnesses, and any person as to which there is a good faith basis to believe that they may be a witness at a deposition or hearing in this Action, to whom disclosure is reasonably necessary provided that the deposing party requests that the witness sign the form attached as Exhibit A.]

[**Defendants' Proposal**:[14] Defendants object to the inclusion of this sentence.]

---

[12] **Defendants' Position**: Defendants object to the inclusion of this proposal because it gives Plaintiff free rein in showing Confidential Information to most individuals involved in the case. There is no reason to show Confidential Information to a previous University employee who has not authored or received a copy of a document in the course of his or her employment. Nor should a current University employee see, for example, University financial and licensing terms if that employee has not authored or received a copy of the document in the course of his or her employment.

[13] **Plaintiff's Position**: Again, there is no basis to Defendants' suggestion that Plaintiff intends to show confidential information to "anyone" without a good faith basis to believe that disclosure is "reasonably necessary." Further, the signed confidentiality agreement provides Defendants the assurance they seek. Lastly, Plaintiff will be significantly prejudiced if she cannot show witnesses confidential information. Defendants object in full to paragraphs 9(i), (j), (k), meaning, under Defendants' proposal, the persons identified in 9(c) (i.e. individuals who received the information previously) are the only fact witnesses permitted to review "confidential information." This is an unreasonable limitation on Plaintiff's ability to pursue this litigation.

[14] **Defendants' Position**: Again, Defendants object to the inclusion of this proposal because it gives Plaintiff free rein in showing Confidential Information to anyone involved in the case. As described and excerpted in Defendants' Memorandum of Law in Support of its Motion for Entry of a Protective Order (Dkt. 51-1 at 12), Plaintiff has identified 81 people on her initial disclosures that span an entire industry and could be, according to Plaintiff, potential witnesses.

k. [**Plaintiff's Proposal**:[15] Persons giving testimony in this litigation and their counsel. A deponent during the deposition may be shown, and examined about, stamped confidential documents. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information, or documents not provided by them or the entities they represent, unless they sign or verbally agree on the deposition record to the conditions prescribed in this Order. A deponent who is not a party or a representative of a party shall be furnished a copy of this Discovery Confidentiality Agreement before his or her deposition.]

[**Defendants' Proposal**:[16] Defendants object to the inclusion of this sentence.]

m. Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in the settlement discussions.

10.    No discovery material designated "Confidential" may be disclosed to any person pursuant to Paragraph II.9 of this Order unless counsel first informs such person that, pursuant to this Order, the material to be disclosed may only be used for purposes of this action and must be kept confidential, and obtains any signed forms required under subparagraphs II.9(d), 9(e), or 9(j). Counsel shall retain all signed Acknowledgement & Agreements pursuant to this paragraph [**Defendants' Proposal:**[17] and produce them to opposing counsel upon request.] [**Plaintiff's**

---

[15] **Plaintiff's Position**: *See* Plaintiff's Position set forth in footnotes 11 and 13.

[16] **Defendants' Position**: Again, Defendants object to the inclusion of this proposal because it gives Plaintiff free rein in showing Confidential Information to anyone involved in the case. As described and excerpted in Defendants' Memorandum of Law in Support of its Motion for Entry of a Protective Order (Dkt. 51-1 at 12), Plaintiff has identified 81 people on her initial disclosures that span an entire industry and could be, according to Plaintiff, potential witnesses.

[17] **Defendants' Position**: Counsel should be able to know who has seen Confidential Information in this case and who has signed on to the Protective Order.

**Proposal:**[18] Opposing counsel may request signed Acknowledgement & Agreements for specific persons identified by opposing counsel that opposing counsel knows have been provided Confidential Information and produce them to opposing counsel upon request.]

11.    With respect to deposition transcripts and exhibits, a party or producing person may, within fourteen (14) days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as "Confidential."   The Parties shall exercise their best efforts to designate specific page and line references subject to such protection and shall not designate entire depositions as Confidential. Confidential Information within the deposition transcript may be so designated by highlighting the portions of the pages that are confidential and marking such pages with the legend specified in paragraph 2 of this Order. All deposition transcripts shall be treated as "Confidential" until fourteen (14) days after all parties receive copies of them.

12.    Procedures related to the use of Confidential Information in documents filed with the Court in this action.

[**Defendants' Proposal:**[19] If any receiving party wishes to use Confidential Information designated by a producing person in any affidavits, briefs, memoranda, summaries, exhibits,

---

[18] **Plaintiff's Position:** Again, Defendants are not entitled to receive the identity of every person who Plaintiff shares the confidential information with. Defendants learning of every person who receives such information in no way creates any further protection for that information. Disclosure of individuals who received confidential information likely would reveal Plaintiff's litigation strategy, thereby prejudicing Plaintiff's ability to litigate this matter.

[19] **Defendants' Position:** Defendants' proposed procedures are reasonable to safeguard and protect confidential information via redactions and sealing procedures while placing the burden on the receiving party to articulate to the Court the reason for the sealing request.  Further, Defendants' proposal is aligned with Rule 8 of this Court's Policies and Procedures, which states: "Before attempting to file documents under seal, parties should carefully consider whether the purportedly confidential information could simply be omitted, redacted, or made available upon request because it is of little or no relevance."  Plaintiff's proposal does not require the parties to meet and confer before filing materials under seal.

motions or other papers filed in this action, the receiving party shall take the following steps to safeguard the confidentiality of the information.

        a.      At least seven (7) business days before having a good faith intent to use the Confidential Information in any affidavits, briefs, memoranda, summaries, exhibits, motions or other papers filed in this action, the receiving party shall notify the producing person of the receiving party's good faith intent, the date that the receiving party intends to file, and the receiving party shall identify the specific Confidential Information (by, for example, bates number or by transcript page) the receiving party intends to file. If the document has more than five (5) pages, the receiving party must identify the specific pages within the document that will be included in the filing and will not identify unnecessary pages. The receiving party may not identify more than ten (10) pages from a document nor more than ten (10) documents without further identifying a good-cause basis for the need to file so many pages and documents on the docket.[20]

        b.      The producing person shall respond to the receiving party within four (4) business days of receiving the notification in II.11.a.

        i.      The producing person may respond by de-designating the Confidential Information or offering proposed redactions that can be filed on the public docket.

        ii.      If, however, the producing person maintains the Confidential designation(s), or the receiving party does not accept the proposed redactions in II.11.b.i, the

---

[20] **Defendants' Position:** Defendants note this requirement is necessary in particular because Plaintiff's counsel as already requested that the University provide a redacted version of first the entire production from the previous protective order and then more specifically of the 189-page Biogen Agreement (produced under the prior protective order) solely for Plaintiff's counsel "consideration" as to whether the redactions are warranted, without any explanation as to why such laborious redactions are necessary or why Plaintiff needs to attach the agreement at all to file an opposition to a motion for a protective order. The University is concerned that in offering a compromise approach to filing, Plaintiff will abuse the process and will request redactions on large documents or large numbers of documents solely to drive up costs.

producing person shall provide to the receiving party a written articulation as to why the material should be filed under seal consistent with applicable precedent. The receiving party shall then follow the Court's procedures to file under seal using the written articulation provided by the producing person as the justification for the motion.

      iii.    Within twenty-eight (28) days of the filing under seal (or as otherwise ordered or required by the Court's procedures), the producing person shall provide thoughtfully and narrowly redacted public versions of the same documents filed under seal to the receiving party so that the receiving party may file those redacted versions consistent with the Court's procedures.

      c.    The parties agree to meet-and-confer and work cooperatively to limit the burden of the receiving party to file documents under seal and to avoid any situation where the receiving party is prevented from presenting evidence to the Court due to the procedures in this Order.]

[**Plaintiff's Proposal**:[21] A receiving party is permitted to use any discovery material in any affidavits, briefs, memoranda, summaries, exhibits, motions, or other papers filed in this action

---

[21] **Plaintiff's Position**: Plaintiff's proposed provision strikes a balance with Defendants' provision by including the meet and confer process but making it optional. Requiring a meet-and-confer seven days prior to filing would preclude the filing of confidential information identified less than seven days before a filing is due. There is also no basis for Defendants' request that parties be limited to ten pages/ten documents. Requiring Plaintiff to make a showing of "good cause" prior to filing more than ten pages from a document or more than ten documents will delay adjudication of this matter, increase litigation costs, and serves no purpose other than burdening and prejudicing Plaintiff, as the confidential information within those documents would already be protected. Moreover, Plaintiff includes a provision that the designating party will provide the other party with a written explanation for why the confidential information satisfies the seal requirements, as the receiving party cannot be expected to articulate this in the motion to seal. And to prevent prejudice if the motion to seal is denied, this provision allows the filing party to file publicly. Lastly, Defendants' repeated claim that Plaintiff is attempting to increase costs in litigation is baseless and is likely an attempt to divert attention away from its own conduct in discovery thus far to increase litigation costs to Plaintiff as well as the fact that both Defendants have substantially more

without notice or consent by the producing person, or any other person, provided that the receiving party take steps to preserve the specifically identified Confidential Information contained therein. While the receiving party is under no obligation to confer with the disclosing party prior to using any Confidential Information in papers filed in this action, the receiving party may notify the disclosing person at least seven days prior to including the Confidential Information in a filing in this action to notify them of their intent to include Confidential Information in a filing in this action. If the receiving party notifies the producing person of its intent to include Confidential Information in papers filed in this action, the producing person shall, within four days of receiving such notice, either de-designate the Confidential Information to allow it to be filed on the public docket or meet and confer with the receiving party on the issue of whether to de-designate. If the producing party fails to either de-designate or meet and confer within the four days after it received notice, the Confidential Information will lose its Confidential designation and treatment under this Agreement. If the producing person will not de-designate and the receiving party is required to file the papers in this action under seal, then within twenty-eight (28) days of the filing under seal (or as otherwise ordered or required by the Court's procedures), the producing person shall provide thoughtfully and narrowly redacted public versions of the same documents filed under seal to the receiving party so that the receiving party may file those redacted versions consistent with the Court's procedures. Additionally, if the designating party refuses to de-designate following the meet and confer, it shall provide the other party, within four days of the meet and confer, a written explanation for why the Confidential Information satisfies the Court's standard for sealing. If the

---

resources than Plaintiff, a law firm employee who repeatedly attempted to resolve this matter prior to litigation. Defendants claim that they are concerned about Plaintiff attempting to drive up litigation costs is further undermined by the fact that, under Plaintiff's proposal, the receiving party will perform the redactions.

Court denies the receiving party's motion to seal Confidential Information, then this Order does not apply to such Confidential Information and the receiving party may proceed to file on the public docket.]

13.    The procedures for using Confidential Information during any hearing or trial shall be determined by the Court in advance of the hearing or trial.  A receiving party that desires to use Confidential Information during any hearing or trial shall notify the producing person and the Court well ahead of using it so the Court may determine the procedures.  In the event that an advance determination is not possible because the need for such information during the hearing or trial is unanticipated, the receiving party seeking to introduce the information shall raise the confidentiality issue prior to introducing it by requesting a sidebar or other appropriate mechanism.

14.    Within sixty days after the final resolution of this litigation, including any appeals, all copies of discovery materials designated as containing Confidential Information, and any notes, memoranda or summaries created therefrom, shall be returned to the producing person or irreversibly destroyed, except that Counsel of record may keep a copy of the case file.  Counsel of record shall provide written certification of compliance with the provisions of this paragraph upon the request of any producing person.  Notwithstanding the provisions of this paragraph, the parties, their counsel, and others authorized to receive discovery materials protected under this Order shall not be required to delete electronic information that may reside in electronic archives or disaster recovery systems, but they shall not access such materials from those systems after the conclusion of the sixty-day period.

15.    Each person who has access to discovery materials that have been designated as "Confidential" shall take reasonable precautions to prevent unauthorized access to, or inadvertent

disclosure of, such materials. [**Defendants' Proposal**:[22] Such precautions shall include administrative, physical and technical safeguards, including the following components:

      a.      Electronically-stored Confidential Information shall be password-protected and stored in an encrypted manner.

      b.      Confidential Information, whether electronic or hard copy, shall be stored in a secured and locked area.

      c.      Access to Confidential Information shall be limited to those personnel with a genuine need related to this action for access to the Confidential Information.

      d.      No person, nor any member of the person's workforce, shall place Confidential Information on computers or portable computing/storage devices which are not owned by the person.

      e.      Confidential Information must be irreversibly deleted from any electronic device or electronic media prior to making such electronic device or electronic media available for reuse.]

---

[22] **Defendants' Position:** These safeguards ensure that the Confidential Information is protected. Plaintiff specifically objects to the requirement that she use an encryption software, but that is an industry standard safeguard available through any reputable eDiscovery vendor, including Relativity. *See, e.g.*, https://www.relativity.com/calder7-security/product-security/ ("By default, Relativity encrypts data at rest and in transit."). Plaintiff claims she and her counsel would have to purchase encryption software, but it is unlikely her counsel's law firm does not already have such software. Plaintiff also does not state how much that software would cost. A simple Google search reveals encryption software available for as little as $40, with more sophisticated options in the hundreds of dollars that may suit her needs. That is not unduly burdensome. Finally, it appears Plaintiff also objects because she intends to store and review Confidential Information on her personal computer, and if she wants to do that, she should take additional precautions, including encryption.

[**Plaintiffs' Proposal**:[23] Plaintiff objects to the inclusion of all but the first sentence of paragraph 15]

16.    A party must notify the producing person and all other parties of any actual or suspected confidentiality breach or use or disclosure of Confidential Information that violates this Protective Order ("Potential Breach") within five (5) days after such Potential Breach is discovered and provide sufficient detail regarding the nature of the breach or use or disclosure for the producing party to understand the risk.  The party must make immediate reasonable efforts to remedy any Potential Breach.

17.    If at any time a person bound by this Order receives a subpoena, civil investigative demand, or other process from a third party seeking or requiring disclosure of information designated as "Confidential" under the terms of this Order, such person shall notify the producing person and all other parties promptly so that the producing person and any other interested party may object to the disclosure or seek other appropriate relief.

18.    Nothing in this Order is intended to limit any privileges or protections that otherwise may apply to any [**Plaintiff's Proposal:**[24] Confidential Information within]

---

[23] **Plaintiff's Position:** Plaintiff's counsel will store confidential information securely in the same manner as in other cases and will instruct Plaintiff to do the same. Defendants' proposal creates an undue burden and increases litigation costs by imposing requirements such as, among others, storing documents in an "encrypted manner," which would require Plaintiff and Plaintiff's counsel to purchase encryption software to review documents outside of the e-discovery vendor's platform.

[24] **Plaintiff's Position:** *See* Plaintiff's Position at footnotes 3 and 6. In addition, due to the parties' dispute regarding whether confidential treatment should be applied to the entire document or only the confidential information contained therein, there are numerous provisions in this agreement that would require minor editing should Defendants agree to Plaintiff's proposal. Plaintiff's counsel has not identified herein each instance where such an edit would be required but discussed this with Defense counsel, who did not object.

[**Defendants' Proposal:**[25] this phrase should not be included] discovery materials designated as "Confidential," or to waive any other objection a party may have to producing materials sought in discovery. This Order is being entered without prejudice to the right of any Party to move the Court for modification or for relief from any of its terms. This Order does not compel the production of any document or information a party may seek in discovery. Should a party require additional protective measures for any discovery materials beyond those contemplated within this Order, that party may move for a protective order from the Court.

19.     Nothing in this Order shall limit the United States' ability to receive all pleadings, motions and, upon request, deposition transcripts and exhibits, pursuant to 31 U.S.C. § 3730(c)(3). Disclosure of such materials to the United States shall not be deemed a breach of this Order.

20.     The provisions of this Order shall not apply to any information that: (a) is already public knowledge or in the public domain at the time of the disclosure; (b) becomes public knowledge or enters the public domain absent a violation of this Order; or (c) which is already known by the Receiving Party through proper means; (d) which becomes available to a Party from sources other than through the discovery process; or (e) is or becomes available to a Party from a source rightfully in possession of such information on a non-confidential basis.

21.     The provisions of this Order shall survive the conclusion of this action. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any of its provisions or requirements.

22.     This Order may be amended by agreement of the parties or for good cause shown.

---

[25] **Defendants' Position**: Plaintiff proposes this phrase because Plaintiff wants all Confidential Information within documents identified on a word-by-word basis, whereas under Defendants' proposal documents can be marked Confidential in their entirety. Defendants do object to any requirement of identification of Confidential Information within each document produced.

23.     This Court retains the right to allow disclosure of any subject covered by this Order or to modify this Order at any time in the interest of justice.

**SO ORDERED**:

_____
THE HONORABLE JOHN F. MURPHY
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| SUSAN M. FAUST, PH.D., <br><br> Plaintiff, <br><br> v. <br><br> THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA and JAMES WILSON, PH.D, <br><br> Defendants. | **Civil Case No. 2:24-cv-00406-JFM** <br><br><br> **JURY TRIAL DEMANDED** |

**ACKNOWLEDGMENT & AGREEMENT**

By signing this document, the person signing acknowledges and agrees that he or she has reviewed and agrees to be bound by the Protective Order in this above-referenced matter, including the person's agreement that all materials properly marked as "Confidential" will be kept strictly confidential and shared with no one except as provided in the Protective Order.

It is agreed that [**Plaintiff's Proposal:**[26]  Confidential Information] [**Defendants' Proposal**:[27] all materials] properly marked as "Confidential" will be stored in a manner that ensures no other person is able to access the information.  Any reports, compilation, summaries or

---

[26] **Plaintiff's Position:** *See* Plaintiff's Position at footnotes 3, 6. 24.

[27] **Defendants' Position:** Again, materials can be marked as Confidential, not just information within the materials.  This relates to the parties' dispute about whether documents with Confidential information must be marked word-by-word or whether they can be marked Confidential in their entirety.  Such word-by-word designations are unduly burdensome.

notes made or generated based on materials marked as "Confidential" will be subject to the same confidentiality and non-disclosure obligations as the information itself, including those obligations contained in the Protective Order.

It is agreed that any breach of this agreement will be reported immediately to the attorney from whom such materials were received and take immediate steps to remedy such breach.

It is agreed that information marked as "Confidential" will be used for no other purpose outside providing services in the above styled legal matter and only in a manner consistent with the terms of the Protective Order; and that all such information marked "Confidential" information will be returned to the producing person or alternatively, deleted or destroyed within 60 days of the conclusion of the above referenced case.

Agreed on: Date _____

_____          _____
Print Name                                Signature